Filed 3/22/21  P. v. Roundtree CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JACK EDWARD ROUNDTREE,<br><br>        Defendant and Appellant. | A159477<br><br>(San Mateo County<br>Super. Ct. No. SC008779A) |

Defendant Jack Edward Roundtree filed a petition for resentencing of his felony-murder conviction pursuant to Penal Code[1] section 1170.95.  The trial court concluded he failed to make a prima facie showing for relief, declined to issue an order to show cause, and denied his petition.  On appeal, defendant contends the court erred in holding him ineligible for relief and failing to issue an order to show cause.  We agree and reverse.

## I.  BACKGROUND

As relevant to this appeal, a jury convicted defendant of first degree murder (former § 187) and found true a felony-murder special circumstance (§ 190.2, former subd. (a)(17)(i)).  Defendant was sentenced to life without the possibility of parole as to his murder conviction.  Defendant appealed from

---

[1] All statutory references are to the Penal Code.

his conviction, and it was affirmed by this court. (*People v. Roundtree* (Nov. 19, 1982, A013425) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing under section 1170.95. The petition stated defendant was prosecuted and convicted of "1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine." It further asserted defendant could not now be convicted of first degree murder because (1) he was not the actual killer, (2) he did not have intent to assist the actual killer, (3) he was not a major participant in the felony or act with reckless indifference to human life during the course of the felony, and (4) the victim was not a peace officer.

The prosecutor opposed defendant's petition, arguing defendant failed to state a prima facie case for relief because the record indicated he was ineligible as a matter of law.[2] The prosecutor asserted defendant "could still be convicted" of being the actual killer or an aider and abettor acting with intent to kill. She also asserted defendant was "a 'major participant' of the underlying robbery while acting with a 'reckless indifference to human life.' "

In response, defendant argued he had met the prima facie showing for relief. He noted the prosecution acknowledged defendant was convicted on a felony-murder theory, the evidence at trial established a codefendant to be the shooter, and none of the jury instructions required a finding that defendant was a major participant in the underlying offense or acted with reckless indifference to human life.

---

[2] The prosecutor also filed a separate opposition claiming section 1170.95 was unconstitutional. The trial court rejected that opposition, and it is not part of this appeal.

2

At the hearing, the prosecution acknowledged the jury did not consider whether defendant was a major participant or acted with reckless indifference to human life. However, the parties disagreed as to whether the trial court was required to consider those issues before issuing an order to show cause. The court concluded it was entitled to weigh some of the evidence to determine whether defendant could have been convicted as a major participant who acted with reckless disregard for human life. And, in considering the facts of the underlying offense, it concluded defendant could have been convicted and denied the petition. Defendant timely appealed.

## II. DISCUSSION

### A. General Legal Standards

"Senate Bill No. 1437 [(2017–2018 Reg. Sess.)], which took effect on January 1, 2019, was passed ' "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." ' [Citation.] 'Under the felony-murder rule as it existed prior to Senate Bill [No.] 1437, a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state.' " (*People v. Cooper* (2020) 54 Cal.App.5th 106, 113, review granted Nov. 10, 2020, S264684 (*Cooper*).)

As relevant to this appeal, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "amended section 189 to provide that a defendant who was not the actual killer and did not have an intent to kill is not liable for felony murder unless he or she 'was a major participant in the underlying

3

felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*Cooper*, *supra*, 54 Cal.App.5th at p. 113, rev. granted.)

"Senate Bill No. 1437 also enacted section 1170.95, which establishes the procedure by which a defendant 'convicted of felony murder or murder under a natural and probable consequences theory' may petition to have the 'murder conviction vacated and to be resentenced on any remaining counts.' (§ 1170.95, subd. (a).)  Briefly, there are four main steps in the process.  First, the defendant files a petition, which the trial court may deny without prejudice if it does not contain certain required information.  (§ 1170.95, subd. (b).)  Second, the court determines whether the defendant has made a prima facie showing of entitlement to relief.  If so, it issues an order to show cause.  (§ 1170.95[, subd.] (c).)  Third, the court holds an evidentiary hearing to determine whether the murder conviction should be vacated.  (§ 1170.95, subd. (d)(1), (3).)  And finally, if the defendant is entitled to relief, the court recalls the sentence, vacates the murder conviction and any accompanying enhancements, and resentences the defendant.  (§ 1170.95, subd. (d).)" (*Cooper*, *supra*, 54 Cal.App.5th at pp. 113–114, rev. granted.)  This case addresses the second step—whether the court properly concluded defendant did not make the required prima facie showing.

## B.  Analysis

Defendant asserts he adequately made a prima facie showing of eligibility under section 1170.95.  Specifically, defendant emphasizes he was not the actual killer, and neither the jury's special circumstance findings nor the felony-murder special-circumstance findings established that defendant was an aider and abettor who acted with an intent to kill.  The Attorney General agrees with defendant's position.

4

In assessing whether a defendant has met the prima facie showing, the court may consider "documents in the court file or otherwise part of the record of conviction" to determine whether the defendant is ineligible as a matter of law—i.e., if the defendant "was convicted on a ground that remains valid notwithstanding Senate Bill [No.] 1437[ ]." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329–330, fn. 9, review granted Mar. 18, 2020, S260493.) On this point, we find *People v. Drayton* (2020) 47 Cal.App.5th 965 (*Drayton*) instructive. There, as in this case, the parties disputed whether the defendant had made the requisite prima facie showing under section 1170.95, subdivision (c). The district attorney contested the defendant's assertion he was not a major participant in a robbery who acted with reckless indifference to human life, and "there had been no prior finding by a fact finder or admission by [the defendant] to that effect." (*Id.* at p. 981.) The trial court evaluated testimony provided at the preliminary hearing and concluded the defendant was a major participant who acted with reckless indifference to human life, and it denied the petition. (*Id.* at p. 982.)

The Court of Appeal reversed, emphasizing "the trial court should not have evaluated and weighed the evidence but instead should have accepted petitioner's asserted facts as true." (*Drayton*, *supra*, 47 Cal.App.5th at p. 982.) In so holding, the court explained, "The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing." (*Id.* at p. 980.) "[T]his authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such

5

as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Ibid.*; accord *Cooper, supra,* 54 Cal.App.5th at p. 124, rev. granted [concluding the "trial court here erred by relying on the transcript of the preliminary hearing to deny [the defendant's] petition"].)[3]

Here, the record was silent as to any findings regarding whether defendant was a major participant or acted with reckless indifference to human life.[4] In concluding otherwise, the trial court improperly engaged in factfinding and the weighing of evidence—assessments that should only have occurred through a new factfinding process following issuance of an order to show cause.

---

[3] Some courts have held that trial courts "should not accept the petitioner's assertions as true and issue an order to show cause if substantial evidence in the record supports a murder conviction under current law." (*People v. Garcia* (2020) 57 Cal.App.5th 100, 116.) However, as explained by our colleagues in Division Two, "we cannot agree with cases like *Garcia* that interpret section 1170.95 to allow the trial court at the prima facie stage to resolve disputed facts or to answer only the question whether the existing record precludes a conviction on a murder theory that was never tried. By allowing new evidence and providing for an evidentiary hearing, the Legislature plainly intended that the issues concerning whether the defendant was guilty under theories of murder not previously or necessarily decided would be resolved anew, through a factfinding process affording a degree of due process to the petitioner." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 813.)

[4] The special circumstance findings in this matter did not require the jury to find defendant was a major participant or acted with reckless indifference. However, appellate courts are split as to whether pre-*People v. Banks* (2015) 61 Cal.4th 788/*People v. Clark* (2016) 63 Cal.4th 522 special circumstance findings that do require such findings renders a petitioner ineligible for relief under section 1170.95 as a matter of law. (See *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 [citing cases].)

6

## III. DISPOSITION

The order denying defendant's petition for resentencing is reversed, and the matter is remanded for the trial court to conduct further proceedings under section 1170.95, consistent with this opinion.

MARGULIES, ACTING P. J.

WE CONCUR:

BANKE, J.

SANCHEZ, J.

A159477
*People v. Roundtree*

8